TUCKER ELLIS LLP
Howard A Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:	213.430.3400
Facsimile:	213.430.3409

Attorneys for Plaintiff
VERRAGIO, LTD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERRAGIO, LTD<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM INTERNATIONAL,<br><br>　　　　Defendant. | Case No. 2:15-cv-03218<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR TRIAL BY JURY** |

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, Tucker Ellis LLP, files its complaint against Kim International ("Defendant") for injunctive relief and damages as follows:

**Subject Matter Jurisdiction and Venue**

1.　This case is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

2.　Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims

alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

## Parties and Personal Jurisdiction

3. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4. Defendant Kim International, upon information and belief, has its principal place of business at 14840 Landmark Blvd, Dallas, TX 75254. This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Central District of California. Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.

## The Business of Verragio

5. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

6. For over 20 years, Nisguretsky has been an innovator in the design creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

7. Among Nisguretsky's jewelry designs are Insignia-7003, Insignia-7047 and Venetian-5001R, each an original design comprising copyrightable subject matter under the laws of the United States.

8. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in Insignia-7003 (VAu 996-688), Insignia-7047 (VA 1-798-116), and Venetian-5001R (VAu 1-049-916).

9. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for Insignia-7003 (VAu-996-688), a copy of which is attached to this Complaint as Exhibit A.

10. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for Insignia-7047 (VA 1-798-116), a copy of which is attached to this Complaint as Exhibit B.

COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL

11. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for Venetian-5001R (VAu 1-049-916), a copy of which is attached to this Complaint as Exhibit C.

12. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio. Copies of some of the copyrighted jewelry designs licensed by Nisguretsky to Verragio are attached to this Complaint as Exhibit D.

13. Since its creation, Insignia-7003, Insignia-7047, Venetian-5001R and the licensed copyrighted jewelry designs have been manufactured by Verragio, or under its authority.

**The Business of Defendant Kim International**

14. Verragio is informed and believes, and on that basis alleges, that Defendant is a wholesale designer, manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

15. Defendant sells or has sold jewelry under the trade names of Kim International, Romance, Love My Romance and Romance Diamond Bridal Collection.

16. Verragio is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with Verragio's jewelry business.

17. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same jewelry retailers as Verragio.

18. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same consumers as Verragio.

19. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to jewelers, retailers, and consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

20. Verragio has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to

the copyrighted jewelry designs of Insignia-7003, Insignia-7047, Venetian-5001R or any other copyrighted ring design licensed to Verragio.

21. In violation of federal copyright law, Verragio is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry designs of Insignia-7003, Insignia-7047, Venetian-5001R and other copyrighted ring designs licensed to Verragio.

22. Currently, Defendant is advertising, manufacturing, distributing and selling jewelry that is substantially similar to the copyrighted jewelry designs of Insignia-7003, Insignia-7047, Venetian-5001R and other copyrighted ring designs licensed to Verragio. Pictures of some of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit E.

## First Cause of Action

(Copyright Infringement)

23. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 22 of this Complaint as though fully set forth.

24. Defendant's acts constitute infringement of Verragio's licensed copyright in Insignia-7003, Insignia-7047, Venetian-5001R and other copyrighted ring designs licensed to Verragio in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

25. A comparison of the jewelry designs of Insignia-7003, Insignia-7047, Venetian-5001R to Defendant's infringing rings follows:




Insignia-7003                           Infringing Ring 117490-100




Insignia-7047                           Infringing Ring 117491-100




Venetian 5001R                          Infringing Ring 117482-S

5
COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL

26. Verragio is informed and believes that Defendant's manufacture, distribution, duplication and/or sale of infringing copies of Insignia-7003, Insignia-7047 and Venetian-5001R was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

27. Defendant's copyright infringement has caused, and will continue to cause Verragio to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyright in Insignia-7003, Insignia-7047 and Venetian-5001R and further, has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

28. Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Defendant's acts and continuing acts. Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Therefore, Verragio is entitled to temporary, preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of Insignia-7003, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

29. Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Prayer for Relief

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendant that Defendant has infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501.

2. That each of the above acts were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

   (a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is substantially similar to Insignia-7003, Insignia-7047, Venetian-5001R or any other copyrighted ring design licensed to Verragio;

   (b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

   (c) engaging in any other activity constituting an infringement of any of Verragio's licensed copyrighted jewelry designs.

4. That Verragio be awarded damages for Defendant's copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

5. That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using infringing copies of Verragio's licensed copyrighted jewelry designs.

6. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

7. That the Court award Verragio its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and any other applicable provision of law.

8. That the Court award Verragio its costs of suit incurred herein.

9. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED: April 30, 2015                    Tucker Ellis LLP


                                         By:  /s/Howard A. Kroll
                                              Howard A Kroll
                                              Attorneys for Plaintiff
                                              VERRAGIO, LTD

**DEMAND FOR TRIAL BY JURY**

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

DATED:   April 30, 2015            Tucker Ellis LLP


By:   /s/Howard A. Kroll
      Howard A Kroll
      Attorneys for Plaintiff
      VERRAGIO, LTD